

U.S. Department of Justice

*Michael J. Sullivan*
United States Attorney
District of Massachusetts

---

*Main Reception: (617) 748-3100*       *John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

December 15, 2005

**Leslie Feldman-Rumpler**
Law Office of Feldman-Rumpler
101 Tremont Street
Suite 708
Boston, MA 02108

FILED
in Open Court
USDC, Mass.
Date 1/9/06
By
Deputy Clerk

Re:   United States v. Jose Ruiz-Morales
      Criminal No. 05-10109-WGY

Dear Counsel:

   This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Jose Ruiz-Morales ("Defendant"), in the above-captioned case. The Agreement is as follows:

   1.   Change of Plea

   At the earliest practicable date, Defendant shall plead guilty to all counts in which he is named in the above-captioned Criminal Information: Count One, charging conspiracy to distribute five kilograms or more of cocaine in violation of Title 21, United States Code, Sections 846, 841(a)(1) and (b)(1)(A)(ii); and Count Two, charging possession with the intent to distribute five kilograms or more of cocaine, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(ii).  Defendant expressly and unequivocally admits that he in fact knowingly and intentionally committed the crimes charged in Counts One and Two of the Criminal Information, and is in fact guilty of those offenses.

   2.   Penalties

   Defendant faces the following minimum mandatory and maximum penalties for both Count One and Two of the pending Criminal Information: a term of imprisonment of not less than ten (10)

years up to life; a fine up to $4,000,000; a term of supervised release of at least 5 years up to life; and a $100 special assessment as to each of Counts One and Two.

Defendant may also be deportable and/or excludable by the United States Immigration and Customs Enforcement as a consequence of his conviction of the offenses to which he is pleading guilty.

3. <u>Sentencing Guidelines</u>

The sentence to be imposed upon Defendant is within the discretion of the sentencing Court, subject to the statutory maximum and mandatory minimum penalties set forth above, and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder, as modified by <u>United States v. Booker</u> and <u>United States v. Fanfan</u>, 125 S.Ct. 738, 2005 WL 50108 (January 12, 2005). In imposing the sentence, the Court must consult and take into account the United States Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

The parties will take the following positions at sentencing with respect to the application of the United States Sentencing Guidelines:

(a) Both parties agree to take the position that Defendant's base offense level, pursuant to U.S.S.G. §2D1.1(c)(3) and 1B1.3, is **34** because Defendant is responsible for at least 15 kilograms of cocaine but less than 50 kilograms of cocaine which quantity represents the total amount involved in Defendant's relevant criminal conduct, including amounts Defendant distributed or possessed with intent to distribute and amounts distributed or possessed with intent to distribute by co-conspirators of Defendant pursuant to jointly undertaken criminal activity that was reasonably foreseeable by Defendant and within the scope of Defendant's conspiratorial agreement.

(b) The government will take the position that pursuant to U.S.S.G. §2D1.1(b)(1) and 1B1.3, Defendant should receive a **two (2) level** increase from the base offense level because a firearm was possessed in connection with the charged offenses. Defendant will oppose this request.

(c) Defendant will take the position that he is eligible for a reduction of **two (2) levels** from the base offense level pursuant to U.S.S.G. § 3B1.1 for Defendant's role in the offense. The U.S. Attorney will oppose this request.

(d) Defendant will take the position that the Court should apply §5C1.2 of the Sentencing Guidelines and 18 U.S.C. §3553(f) and impose a sentence without regard to the statutory minimum mandatory sentences that are otherwise applicable in this case. Defendant also will take the position that, pursuant to §2D1.1(b)(7) of the Sentencing Guidelines, his offense level should be reduced by **two (2) levels**. The U.S. Attorney will recommend applying §5C1.2 and §2D1.1(b)(7) of the Sentencing Guidelines if the U.S. Probation Office finds that Defendant meets the requirements of §5C1.2(1)-(4) and the U.S. Attorney finds that Defendant has personally satisfied §5C1.2(5). Defendant recognizes and acknowledges that, if the Court declines to apply §5C1.2 and §2D1.1(b)(7) of the Sentencing Guidelines and 18 U.S.C. §3553(f), Defendant will not receive an additional two level reduction pursuant to §2D1.1(b)(7) of the Sentencing Guidelines and will receive a sentence at or above the statutory minimum mandatory term of years.

(e) Defendant reserves the right at sentencing to argue that the Guideline Sentence is unreasonable in accordance with 18 U.S.C. §3553(a) and the Supreme Court's decision in United States v. Booker and United States v. Fanfan, 125 S.Ct. 738, 2005 WL 50108 (January 12, 2005). The government will oppose any deviation from the Sentencing Guideline Range under, 18 U.S.C. §3553(a) and Booker and Fanfan.

(f) Based on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by **three (3) levels** Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing Defendant:

        (a)   Fails to admit a complete factual basis for the plea;

        (b)   Fails to truthfully admit his conduct in the offenses of conviction;

        (c)   Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

        (d)   Fails to provide truthful information about his financial status;

    (e)    Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

    (f)    Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

    (g)    Commits a crime;

    (h)    Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after date of this Agreement.

Except as described above in paragraph 3, the U.S. Attorney and Defendant agree that there is no basis for a departure from the sentencing range established by the United States Sentencing Guidelines. Accordingly, neither the U.S. Attorney nor Defendant will seek a departure on any ground from the Sentencing Guidelines.

4.   <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence before the District Court for both Counts One and Two of the Information:

    (a)    A term of incarceration within the applicable Guideline Sentencing Range, but not below any applicable minimum mandatory sentence;

    (b)    A fine within the applicable fine range unless the Court finds that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

    (c)    A mandatory special assessment of $200;

    (d)    A term of supervised release of 5 years;

    (e)    Pursuant to Title 18, United States Code, Section 3585(b), defendant should be given credit towards the service of the term of imprisonment for the sentence imposed in the instant case from the time defendant has spent in state custody beginning on July 26, 2003. Defendant nonetheless understands and agrees that credit for time served in state custody is determined by the U.S. Bureau of Prisons and not the Court or the U.S. Attorney.

Defendant agrees that he will provide to the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which he intends to rely at sentencing not later than twenty-one days before sentencing. Any basis for sentencing with respect to which all expert reports, motions, memoranda of law and documentation have not been provided to the U.S. Attorney at least twenty-one days before sentencing shall be deemed waived.

5.    <u>Payment of Mandatory Special Assessment</u>

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6.    <u>Court Not Bound By Agreement</u>

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

7.  <u>Civil Liability</u>

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

8.  <u>Rejection of Plea By Court</u>

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

9.  <u>Breach of Agreement</u>

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

10.  <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

11. <u>Complete Agreement</u>

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Neil Gallagher.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
LAURA J. KAPLAN, Chief
Violent & Organized Crime
Section

Neil J. Gallagher, Jr.
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have had this letter read to me in my native language in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

*Jose Ruiz*
_____
Jose Ruiz-Morales
Defendant

Date: 1/9/06

I certify that Jose Ruiz-Morales has had this Agreement read to him in his native language and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

_____
**Leslie Feldman-Rumpler**, Esq.
Attorney for Defendant

Date: 1/9/06