UNITED STATES DISTRICT COURT
                          DISTRICT OF MASSACHUSETTS

**UNITED STATES OF AMERICA**        )
                                    )
v.                                  )     Criminal No. 05-10109-WGY
                                    )
**JOSE A. RUIZ-MORALES,**           )
          **Defendant**             )

             **GOVERNMENT'S MOTION FOR AN ORDER
           STAYING THE SENTENCING TRIAL PENDING
              RESOLUTION OF THE GOVERNMENT'S
                PETITION FOR A WRIT OF MANDAMUS,
        AND RENEWING ITS REQUEST FOR RECONSIDERATION**

   The government respectfully moves this Court to stay the trial that the Court has scheduled for May 8, 2006 until the Court of Appeals for the First Circuit decides the government's petition for a writ of mandamus (which the government intends to file before May 8, 2006). Moreover, in view of events that have occurred since the Court originally ordered the trial, the government also renews its objection to the trial and its request for reconsideration.

   1. Pursuant to a plea agreement, the defendant pleaded guilty to conspiring to possess and possessing with intent to distribute five or more kilograms of cocaine. In the plea agreement, the parties agreed that the defendant faces a mandatory minimum sentence of 10 years and a maximum sentence of life imprisonment. 21 U.S.C. §841(b)(1)(A)(ii). The parties did not agree on the defendant's advisory Guideline Sentencing Range; they neither agreed on the applicability of certain downward adjustments nor on the applicability of a two-level firearm enhancement. At

                                    1

the defendant's change of plea hearing, the Court ruled that a jury should be convened to advise the Court on the applicability of the two-level firearm enhancement.  The government objected to the Court's order and it subsequently (on February 10, 2006) filed a motion for reconsideration which this Court denied on February 14, 2006.

    2.   The Court has scheduled the jury trial for May 8, 2006.

    3.   The government has now received authorization from the Solicitor General of the United States to file a petition for a writ of mandamus in the Court of Appeals for the First Circuit, asking the Court of Appeals to prohibit this jury trial.  In that petition, which the government will file prior to May 8, 2006, the government will argue, *inter alia*, that the provisions of federal law governing the empanelment of juries in non-capital cases envision that juries will be empaneled in criminal cases to decide guilt or innocence, not Sentencing Guideline issues.  The government will argue, moreover, that the Court's order contradicts the way in which the Federal Rules of Criminal Procedure, the Sentencing Reform Act, and the Guidelines assign roles during sentencing proceedings.  The Federal Rules require "the court" to resolve "any disputed portion of the presentence report or other controverted matter."  FRCP 32(i)(3).  The Sentencing Reform Act requires "[t]he court" to consider the nature and circumstances of the offense and offender, 18 U.S.C. §3553(a).  And the Guidelines

"instruct the judge" to determine the sentencing facts, "regardless of the jury's actual, or assumed, beliefs." Edwards v. United States, 523 U.S. 511, 513-514 (1998). United States v. Booker, 543 U.S. 220, 249 (2005), and the First Circuit's decision in United States v. Yeje-Cabrera, 430 U.S. 1, 23 (1st Cir. 2005), also contemplate that sentencing issues will be decided by the district court using a preponderance of evidence standard.

    4.   The government's petition for a writ of mandamus will not automatically stay the trial, as would a notice of appeal. Accordingly, the government asks this Court to stay its order. The Court's order, which it has termed a "standing order," has obvious institutional significance. It establishes a system that will impact a large number of cases in the Court's session and that is inconsistent with procedures conducted in other sessions in the District of Massachusetts and elsewhere. It is an issue that should be resolved by the Court of Appeals. *See* In re United States, 426 F.3d 1, 5 (1st Cir. 2005) (recognizing mandamus authority in case that involved issue that would affect a large number of cases). Accordingly, the government respectfully requests that this Court grant the requested stay so that the Court of Appeals has the opportunity to consider this important issue – and to order, if desired, briefing from the defendant and oral argument (*see* Federal Rule of Appellate Procedure 21) – before the trial is convened.

5.   Finally, in light of a ruling by this Court in another case, the government renews its objection to the trial and its motion for reconsideration. On February 24, 2006, in <u>United States v. George Kandirakis</u>, Criminal No. 04-10372-WGY, this Court calculated the defendant's Guideline Sentencing Range by including in its calculations a quantity of drugs that the jury did not find when it returned its special verdict on drug quantity.[1]  In response to Kandirakis's claim that the Court could not consider amounts that the jury had not found beyond a reasonable doubt, the Court said that while it believed it "was appropriate to have an

---

[1]The completed jury verdict form in Criminal No. 04-10372-WGY (docket entry 38) looked this way:

1. On the charge of conspiracy to distribute oxycodone, we find George Kandirakis

   \_\_\_ not guilty

   ✓\_\_ guilty

2. If guilty, we find there is reasonably attributable to George Kandirakis \_\_ oxycodone pills.

   | | |
   |---|---|
   | fewer than 5 pills | \_\_\_ |
   | at least 5 but fewer than 9 pills | \_\_\_ |
   | at least 9 but fewer than 19 pills | \_\_\_ |
   | at least 19 but fewer than 37 pills | \_\_\_ |
   | at least 37 but fewer than 75 pills | \_\_\_ |
   | at least 75 but fewer than 112 pills | \_\_\_ |
   | at least 112 but fewer than 149 pills | \_\_\_ |
   | at least 149 but fewer than 187 pills | \_\_\_ |
   | at least 187 but fewer than 746 pills | \_\_\_ |
   | at least 746 but fewer than 1,306 pills | \_\_\_ |
   | at least 1,308 but fewer than 1,866 pills | \_\_\_ |
   | at least 1,866 but fewer than 5,597 pills | \_\_\_ |

advisory jury," it would apply a preponderance of evidence standard in assessing drug quantity. [Transcript of Kandirakis sentencing, page 22]. The Court's application in the <u>Kandirakis</u> case of a drug quantity that was submitted to the jury and that the jury did not find (and its decision to apply the preponderance standard) illustrates another argument the government will make to the Court of Appeals -- *i.e.*, that even if the Court's "standing order" does not run afoul of rules, statutes, and the Guidelines system, it constitutes an abuse of discretion because it imposes substantial burdens on both the government and the defendant, and on public resources, without a corresponding benefit. The burdens to be imposed in this case are even greater than in <u>Kandirakis</u>, for here the Court is convening an "advisory jury" solely to issue an opinion that the Court recognizes is non-binding. The government urges the Court to rethink its position in this case in light of its ruling in <u>Kandirakis</u>.

<u>**CONCLUSION**</u>

For the reasons set out here and in its earlier arguments, the government respectfully requests the following:

1. One, assuming that the Court does not reconsider and vacate its order scheduling a jury trial for May 8, 2006, the government respectfully requests that the Court stay that trial until the Court of Appeals for the First Circuit decides the government's petition for a writ of mandamus, which the government intends to file prior to May 8, 2006; and

2. Two, the government respectfully requests that

5

the Court reconsider and vacate its order setting a jury trial.

>Respectfully submitted,
>
>MICHAEL J. SULLIVAN
>United States Attorney
>
>By:/s/Dina Michael Chaitowitz
>DINA MICHAEL CHAITOWITZ
>Chief of Appeals
>
>RANDALL E. KROMM
>Assistant U.S. Attorney,
>Appeals Unit

### Certificate of Service

I, Dina Michael Chaitowitz, AUSA, hereby certify that on March 27, 2006, this Notice of Appeal filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

>By:/s/Dina Michael Chaitowitz
>DINA MICHAEL CHAITOWITZ
>Chief of Appeals