

**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts  02210*

April 3, 2006

The Honorable William G. Young
United States District Court
1 Courthouse Way, Suite 5710
Boston, Massachusetts 02210

      Re:    United States v. Ruiz-Morales
               Criminal No. 05-CR-10109-WGY

Dear Judge Young:

      We write for two reasons.

      One, because it might be useful for planning purposes, the government writes to notify the Court and the defendant that it hopes to file the petition for a writ of mandamus by Wednesday, May 3, 2006.  We will simultaneously file a renewed motion for a stay with this Court.  The government will keep the deputy clerk advised of any changes to this proposed schedule.

      Two, the government writes to clarify its position regarding costs (as touched on at the March 31, 2006 hearing).  As discussed in court and as set out in its motions to reconsider, it is the government's position that the Court may not as a matter of law convene a jury to litigate sentencing enhancements under the Guidelines nor impose a beyond-a-reasonable-doubt standard of proof regarding those factors.  In addition, the government has serious practical concerns with the Court's order.  These concerns include not merely the financial costs mentioned at Friday's hearing (*i.e.*, the monetary cost to the public that is incurred by convening a jury trial), but the overall cost to the criminal justice system that will flow from the Court's order.  The Court's "standing order" undermines one of the efficiencies of the plea bargaining system by allowing for a trial even after the defendant has pleaded guilty and the parties have agreed (as in this case) to some basic sentencing issues.  A trial (which will involve, *inter alia*, empaneling a jury, issuing instructions, and having the parties give opening and closing

April 3, 2006
Page 2

statements), will be time-consuming, will in some cases engage publicly-funded defense attorneys, and will put a strain on the ability of the district courts to dispose of other cases. In addition to these disadvantages, the Court's standing order does not encompass downward adjustments and thus the Court will not receive on those issues the kind of assistance in fact-finding that it hopes to obtain with respect to the resolution of disputed upward enhancements. On the other hand, the sentencing scheme advocated by the government – the one contemplated by the Sentencing Reform Act and the Supreme Court in Booker – is simple and efficient, applies equally to all adjustments, and has procedural safeguards that help to ensure accuracy and fairness in the district courts' resolution of disputed factors. It does not, moreover, undermine any American traditions, as the Court seemed to suggest at Friday's hearing. To the contrary, the sentencing scheme in place prior to the Sentencing Reform Act left the sentence to be imposed to the essentially unchanneled and unreviewable discretion of the district court; the Sentencing Reform Act brought with it procedural safeguards that did not exist previously. *See* United States v. Tucker, 404 U.S. 443, 446 (1972 )("The Government is also on solid ground in asserting that a sentence imposed by a federal district judge, if within statutory limits, is generally not subject to review."); United States v. Kimball, 741 F.2d 471, 475 (1st Cir. 1984)(a sentence that is within the statutory limits and is not based on misinformation of a constitutional magnitude is within the discretion of the sentencing judge, and is not subject to review); *and see* Koon v. United States, 518 U.S. 81, 96 (1996)("Before the Guidelines system, a federal criminal sentence within statutory limits was, for all practical purposes, not reviewable on appeal."). In sum, the government does not wish to curtail the defendant's rights or the Court's ability to resolve issues to its satisfaction, but it does seek to ensure the application of the procedures carefully crafted by Congress and approved by the Supreme Court.

                                  Respectfully submitted,

                                  MICHAEL J. SULLIVAN
                                United States Attorney

                                By:/s/Dina Michael Chaitowitz
                                DINA MICHAEL CHAITOWITZ
                                Chief of Appeals

                                RANDALL E. KROMM
                                Assistant U.S. Attorney,
                                Appeals Unit

April 3, 2006
Page 3

Certificate of Service

  I, Dina Michael Chaitowitz, AUSA, hereby certify that on April 3, 2006, this letter filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

               By:/s/Dina Michael Chaitowitz
               DINA MICHAEL CHAITOWITZ
               Chief of Appeals