UNITED STATES OF AMERICA
FOR THE DISTRICT OF MASSACHUSETTS

_____
UNITED STATES OF AMERICA        )
                                )  CRIM. NO. 05-CR-10109-WGY
v.                              )
                                )
JOSE RUIZ-MORALES               )
_____)

DEFENDANT'S NOTICE OF INTENT TO FILE MOTION
FOR DOWNWARD DEPARTURE AND MEMORANDUM AND MEMORANDUM

The defendant submits this notice and memorandum in an effort to comply with the new procedural order for sentencing. Defendant advises the Court that at the time of this writing, defense counsel has not received the final PSR, but only the initial draft thereof.

1. Defense counsel does intend to ask the Court to depart downward below the sentencing guidelines range in this case. The motion will be based upon two unique circumstances of the case:

(a) Mr. Ruiz-Morales was initially named in an indictment together with a number of other defendants, but his case was severed and reassigned after it was discovered that his attorney had a conflict of interest. There was a fair amount of delay involved in transitioning the case to new counsel, and thus the defendant had to wait in pretrial detention longer than he otherwise would have. Thus, he served a longer period of hard, pretrial detention time

than he otherwise would have, due to the late-discovered conflict.

    (b)   There is a second ground for departure, which defense counsel has alluded to in her submissions to U.S. Probation Officer Susan Walls in connection with the defendant's objections to the PSR.  Notice of this ground will be filed by mail this day under separate cover.

    2.   The defendant will also suggest, in his sentencing memorandum, that the appropriate sentence in this case is one imposed pursuant to 18 U.S.C. §3553.

    3.   The defendant is unable to indicate whether there are legal questions not adequately addressed in the presentence report, as counsel has not received the final version of the presentence report at the time of this writing.

    4.   There are factual issues that require an evidentiary hearing.  Those issues concern whether a gun was involved in the offense, and if so, whether that fact was reasonably foreseeable to the defendant.  Defense counsel understands that the evidentiary hearing has already been scheduled.

    5.   Defense counsel has just received, within the past two hours, the statements of one of the witnesses the government intends to introduce at the evidentiary hearing.

2

In the same timeframe, counsel received notice of an additional document and an additional witness the government intends to seek to introduce.  The additional document is one page from a larger document, and the larger document has not yet been produced, although the government has agreed to produce the document prior to the evidentiary hearing.

     6.   Counsel is in the process of reviewing the new materials just received, and is not in a position to provide the court with an informed set of proposed findings of fact and conclusions of law on the issues relating to the guns.  Counsel can only indicate the defendant's position, which is that his information and his understanding at the time of the offense was that he was participating in the distribution of cocaine, and that the bags he was carrying contained only cocaine.  Even with the new evidence provided by the government, the defendant anticipates that there will be no evidence to show that the defendant had actual knowledge that guns, rather than only cocaine, were contained in any bags he was carrying.  According to the government's description of the evidence provided to counsel this morning, there will be no witness testimony that the defendant was present at any time when guns were handled.  Instead, the government will argue that

the defendant was carrying a suitcase on July 24, 2003, and that three guns were found inside that suitcase on July 26, 2003. The government has not provided defense counsel with notice of any testimony that the defendant knew there were guns in the suitcase. The defendant reasonably believed the suitcase contained only cocaine.

7. The conclusion reached by the Court on the issues concerning the guns will have implications for sentencing that the defendant believes are addressed in the presentence memorandum, at least in the first draft that has been provided to defense counsel.

8. Defense counsel may supplement this notice and memorandum upon receipt of the final presentence memorandum and after a review of the new materials just received from the government.

>Respectfully submitted,
>
>JOSE RUIZ-MORALES
>By his Attorney,
>
> /s/ Leslie Feldman-Rumpler
>Leslie Feldman-Rumpler, Esq.
>BBO # 555792
>101 Tremont Street, Ste. 708
>Boston, MA  02108
>617) 728-9944

4