AO 243 (Rev. 2/95)

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District Boston, MA |
|---|---|
| Name of Movant: Jose A. Ruiz Morales | Prisoner No. 29534-038 | Case No. 05-cr-10109-00 |
| Place of Confinement: Moshannon Valley Correctional Center | |

FILED IN CLERKS OFFICE
2007 APR 5 A 11:38
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES OF AMERICA    v.    Jose A. Ruiz Morales
(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack: United States District of Boston, MA, 1 Courthouse Way, John J. Moakley, Boston MA 02210

2. Date of judgment of conviction: 07-24-03

3. Length of sentence: 108 Months

4. Nature of offense involved (all counts): Conspiracy to possess with intent of distribution 5 Kilo or more of Cocaine in violation of 21 U.S 841(a)(1) and 841(b)(1)(A), 846.

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
   N/A

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐  No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☐  No ☐

(2)

AO 243    (Rev. 2/95)

9. If you did appeal, answer the following:

   (a) Name of court _____N/A_____

   (b) Result _____

   (c) Date of result _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
    Yes ☐    No ☒

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court _____

        (2) Nature of proceeding _____

        (3) Grounds raised _____

        (4) Did you receive an evidentiary hearing on your petition, application or motion?
            Yes ☐    No ☐

        (5) Result _____

        (6) Date of result _____

    (b) As to any second petition, application or motion give the same information:

        (1) Name of court _____

        (2) Name of proceeding _____

        (3) Grounds raised _____

(3)

AO 243 (Rev. 2/95)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: was not made Voluntarely or with understanding of nature of the charge and the Consequences of the plea

Supporting FACTS (state briefly without citing cases or law): The participation in the offense was for transported narcotic from one place to another, which put me as minor participant, such thing that I didn't understand in the moment that I accept the plea and my lawyer did not informed me that if I would go to the safety valve, I will get my real participation in the crime.

B. Ground two: _____

Supporting FACTS (state briefly without citing cases or law): _____

C. Ground three: _____

Supporting FACTS (state briefly without citing cases or law): _____

(5)

JOSE A. RUIZ MORALES

B. O. P. #25934-038

MOSHANNON VALLEY CORRECTIONAL CENTER

P.O. BOX 2000

PHILIPSBURG, PA 16866

MARCH 31, 2007.

HON: WILLIAM YOUNG

UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT,

1 COURTHOUSE WAY,

JOHN JOSEPH MOAKLEY COURTHOUSE,

BOSTON, MA 02210

RE: UNITED STATES OF AMERICA V. JOSE A. RUIZ-MORALES

DOCKET NO. 05-CR-10109-00 (WGY)

Dear Hon. Judge Young,

Enclosed is a memorandum and supporting case law pursuant to §2255 to be considered in this honorable court.

Respectfully Submitted,

Jose Ruiz

The memorandum submitted by defendant Jose A. Ruiz-Morales to review my case, argument, and motion §2255, with the objective to reopen the case and try to change point and get a reduction of sentence. The motive who drive me to reopen and review my case through motiom §2255 is because I have deemed and concluded that my sentence of 108 months was unjust and disproportionate in regard to my participation in the case which I was involved whereby I accepted responsibility. In that subject, I think to beg for clemency, one more time at the Court and the government of the United States for the offense I did. In addition that the court deemed some elements and extenuation facts that perhaps in the original sentence, did not deem, probably by error of my lawyer or mine; such : Safety valve under §5C1.2; my minor participation in the offense or alleged conspiracy under §3B1.2. The factors numbered in 18 U.S.C. 3553(a) after Booker in January 12, 2005, and the last decision of second circuit appeals court on: <u>United States v. Wills</u>, 2d Cir. #06-0115-Ct (02-05-07).

Petitioner is currently incarcerated in Moshannon Valley Correctional Center, in Philipsburg, Pa. hereby as pro-se a motion under "28 U.S.C. §2255 seeking to vacate, set aside, or to correct his sentence, the clerk of Court is directed to assign a civil docket number to my action according to the court's records, I pled quilty on, in a criminal case before the court under docket number 05-CR-10109-001(W.E.Y), I was sentenced for my offense. Infact, petitioner has until March 28, 2007 to inform the Court of his intention to submit motion to review the case entered against the petitioner, which is the motion to correct sentence. Furthermore, in the absence of extraordinary circumstance, a District Court can not entertain a §2255 motion until a direct appeal has been decided. See <u>United States v. Frady</u>, 456 U.S. 152,167-68(1982), Campino V.

United States, 968 F.2d 187 (2d Cir.1992), United States V. Dukes, 727 F.2d 34,41(2d Cir.1984) citing Martin-Trigona V. Shiff, 702 F. 2d 380, 388(2d Cir. 1983), Ping v. United States, No. 96-Ct 118 (RPP), 2001 WL 6288924 (S.D.N.Y. Dec. 12, 2001), United States V. Pacheco, No. 00 Cin,9521(D.L.C) 2001 WL 62871(S.D.N.Y) 01-25-01, It's well settle that a motion under §2255 may not be used as a substitute for direct appeal. Marone V. United States, 10 F.3d 65, 67 (2d Cir.1993). As petitioner has directly appealed his claims to the 1st circuit Court of appeals, petitioner's 2255 motion is granted Court.

   As establish the section 2D1.1 from December 1, 2005, which modified the section of November 1, 2002. This section start the guideline of 2005, pursuant resolution number 668 of congress commission the quantity of drugs to realize such adjustment considering in those cases of minimum and minor participation in a criminal enterprises. According to this section, you should be sentence to 51 months instead of 108 months.

Offense level_____34
Acceptance of responsibility_____ -3
Safety valve_____ -2
Minor participation_____ -2
Availability arrangement of the law_____ -3
Offense Total  = 24


Which carry a sentence of "51-63" months with a criminal history category 1. When I was incarcerated in detention center in Boston Ma, I was misinformed of my rights and I did not understand the procedure to follow, which was why I accepted the culpability with

no knowledge of what should be my benefit at the time of being guilty, moreover, the Court should have more clemency in my case due to my family circumstance and the factors numbered in 18 U.S.C. 3553(a), furthermore, should have consideration of deportable alien, since I am not represented as being dangerous in the society, as in United States V. Wills, 2d Cir. No. 06-0115-cr 2-5-07.

Acccordingly, petitioner's motion under 28 U.S.C. §2255 not prejudice has been sentenced and his direct appeal has been decided. As the motion under 28 U.S.C. §2255 make it substantial showing of the denial of a constitutional right, a certificate of appealability is issued. See Lozada V. United States, 107 F.3d 1011(2d cir. 1997), abrogated on other grounds by United States V. Perez, 129 F.3d 255,259-60(2d cir.1997). I certify pursuant to 28 U.S.C. §1915(b) that any appeal decided, be taken in good faith. See Coppedge v. United states, 369 U.S. 438 (1962), the clerk of the Court is directed to enter judgement grant my motion.

## ARGUMENTS

In regards to my participation in the case, I considered myself as a minor participant in the conspiracy and as such offense, I accepted my responsibility of conspiracy to transport or carrier between 15-50 kilograms of cocaine under 812(a)(1), 841(b)(1)(a) and 846 with ten years minimum to maximum life, according to title 21 of United States code. Though in regard of the current guideline are not mandatory but advisory after Booker decision in January 12, 2005. According to the quantity of drugs under §2D1.1(a)(3) and (c)(4), my level of the offense was level 34, minus adjustments of 2 levels for minor participation, minus 3 levels for acceptance of

responsibility under §3E1.1(a) and (b), minus 2 level for safety valve under §5C1.2, minus adjustment of 3 levels.

ALIEN DEFENDANT"S DEPORTATION MAY JUSTIFY SENTENCE BELOW FEDERAL GUIDELINES RANGE:

The U.S. Court of Appeals for the Second Circuit Feb. 5th, 2007 left open the possibility that a sentence below the range provided by the sentencing guidelines may be justified in a case in which the defendant will likely be removed from the Country following the service of his sentence. The Court made clear, however, that the bare fact that a defendant will likely be removed does not provide a sufficient basis for a below guideline sentence. (United States v. Wills, 2d Cir., No. 06-0115-cr, 2/05/07).

Prior to the U.S. Supreme Court decision in United States V. Booker, 543 U.S. 220, 76 CrL 251 (2005), to convert the guidelines to an advisory scheme, the court of appeals had ruled that the fact that a defendant would probably be deported could not justify a "departure" from the guidelines. For example, in United States V. Restrepo, 999 F.2d 640(2d Cir.1993), the second circuitrejected the idea that deportation imposes additional punishment that warrants a departure below the guidelines range. In Booker, however, the Supreme Court gave district courts additional discretion to impose a sentence other than the one spelled out in the U.S. sentencing guidelines. Under Booker, a district court may impose any sentence authorized by the finding of guilt so long as the court considers the sentencing objectives identified in the sentencing reform ACT, 18 U.S.C. §3553(a).

The District in the 2d Circuit case noted that the statutory objectives include "the need for the sentence imposed," to protect the public from further crimes of the defendant, 18 U.S.C.

5

§3553(a)(2)(C). Concluding that this opened up a new avenue for below guidelines sentences in cases involving aliens, the judge decided that the need to protect the public from the defendant was diminished by the fact that he would likely be deported following the service of his term of imprisonment. Instead of imposing a sentence within the 24-30 years range recommended by the guidelines for the defendant's drug trafficking, the judge imposed a sentence of approximately 14 years.

In an opinion by Judge Wilfred Feinberg, the second Circuit first decided that the district judge misconstrued section 3553(a)(2)(C) when he factored in to his assessment of the need to protect the public the bare fact that defendant would likely be deported following the service of the prison term.

"Even assuming that the public protected under section 3553(a)(2)(C) is only the American Public, criminal conduct committed abroad is capable of harming Americans". the Court said. As example of such cross border harm from criminal conduct in other countries, the court offered robberies of Americans travelling abroad and drug smuggling initiated by deportees re-entry of the United States without permission is also a crime, the Court noted.

In addition, the court said that some potential criminal may consider deportation preferable to imprisonment and would therefore not be as deferred from committing future crimes if the thought they would be deported rether than serve all or part of what should be their appropriate prison term. Accordingly, the Court concluded: The potential increase in crimes due to decrease in deterrence would detract from the congressional goal of protecting the public. The Court also decided that allowing District Judges to impose a non-guidelines sentence solely on the basis of defendants' likely removal from the Country would be inconsistent with the individualized sen-

tencing that was a focus of the Booker ruling.

The second circuit has previously held that the consideration of the statutory factors required by Booker will be deemed not to have taken place when the records of the District Court's reason for a sentence indicates a misunderstanding as to the statutory requirements or a misperception about their relevance. Because deportation may not be viewed as additional punishment and the district court noted only the bare fact of deportation in its statement of reasons, the district court erred as a matter of law in factoring into Will's sentence his likely deportation after serving his prison term, "the appeals court said as it reversed the defendant's sentence.

Nevertheless, the court did decline to rule out the possibility that the district judges would be able to make the findings required to support a non-guidelines sentence based on a defendant's removal.

"It may be," the Court said, "that a sentencing judge can consider deportation when he or she identifies, with some particularity, why a specific defendant is certain to be deported and why deportation, in light of that defendant's individual circumstances, will serve to protect the public.

Petitioner, Jose A. Ruiz-Morales, prays that the Court will consider the relief sought and reduce the earlier imposed sentence base on this second circuit rulings stated above.